IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

THOMAS JOHNSON, )
 )
      Plaintiff, ) Case No.:
 )
      v. )
 ) COMPLAINT AND DEMAND FOR
PORTFOLIO RECOVERY ASSOCIATES, ) JURY TRIAL
LLC, )
 ) (Unlawful Debt Collection Practices)
      Defendant. )

## COMPLAINT

THOMAS JOHNSON, ("Plaintiff") by his attorneys, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person, who resides in West Hartford, Connecticut.

6. Plaintiff is a "consumer", as defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with its corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiff, related to a debt from 1998.

11. Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

12. Throughout November 2011, Defendant's collectors placed near-daily harassing collection calls to Plaintiff's home and cellular telephones.

13. Defendant's collectors often called Plaintiff in excess of three times in a day.

14. On several occasions in November 2011, Defendant called Plaintiff at least six times in a day.

15. Often times, Defendant called Plaintiff immediately after Plaintiff hung up the telephone.

16. Upon information and belief, there was no actual purpose for Defendant calling back after Plaintiff hung up, except to harass Plaintiff.

17. Additionally, Defendant called after 9:00 pm, Eastern Standard Time, while Plaintiff was sleeping.

18. Plaintiff never authorized Defendant to call him after 9:00pm.

19. Upon information and belief, there no conceivable purpose was served by calling Plaintiff after 9:00pm except to harass and abuse him in hopes that he would pay the alleged debt.

20. Defendant took the actions herein with the intent to harass, abuse, annoy, and coerce Plaintiff into paying the alleged debt.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

21. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from communicating with a consumer at a time that is inconvenient for a consumer.  Unless the debt collector has information to the contrary, calls before 8:00 am and after 9:00 pm are presumed to be inconvenient

22. Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff after 9:00 pm, Eastern Standard Time.

## COUNT II
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

24. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it called Plaintiff back immediately after Plaintiff hung up the telephone, when it called Plaintiff after 9:00 pm, and when it engaged in other harassing or abusive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

26. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff' telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

28. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when Defendant called Plaintiff back immediately after Plaintiff hung up the telephone, when it called Plaintiff after 9:00 pm, and when it engaged in other unfair conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, THOMAS JOHNSON respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, THOMAS JOHNSON, demands a jury trial in this case.

    RESPECTFULLY SUBMITTED,

    THOMAS JOHNSON
    By his Attorney,

    */s/* Angela K. Troccoli
    Angela K. Troccoli, Esquire, Id# ct28597
    Kimmel & Silverman, PC
    *The New England Office*
    136 Main Street, Suite 301
    Danielson, CT 06239
    (860) 866-4380- direct dial
    (860) 263-0919- facsimile
    atroccoli@creditlaw.com

Dated: November 19, 2012